**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| JAMES DARNELL ALSTON,         )<br>           #289800,                                   )<br>                                                    )     CIVIL ACTION NO. 9:08-939-HFF-BM<br>                      Petitioner,         )<br>                                                    )<br>v.                                                )<br>                                                    )     **REPORT AND RECOMMENDATION**<br>WARDEN, Perry Correctional      )<br>Institution,                                    )<br>                                                    )<br>                      Respondent.     )<br>_____)| |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on March 18, 2008.[1] The Respondent filed a return and motion for summary judgment on July 30, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on July 31, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition on August 22, 2008. This matter is now before the Court for disposition.[2]

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

On September 12, 2000, the Thirteenth Circuit Solicitor's Office filed juvenile Petitions charging Petitioner with committing the offenses of armed robbery, criminal sexual conduct in the first degree ("CSC 1st"), burglary in the first degree ("burglary 1st"), and two counts of kidnapping.[3] Following evaluations of competency to stand trial and waiver to General Sessions court, a hearing on waiver was held before Family Court Judge R. Kinard Johnson, Jr. (R.pp. 6-21). On May 31, 2001, Judge Johnson issued an order in which he waived jurisdiction for Petitioner's offenses from Family Court to General Sessions Court. (R.pp. 19-21).

Petitioner was then indicted in July 2001 for armed robbery [Indictment No. 01-GS-23-5383], burglary 1st [Indictment No. 01-GS-23-5384], CSC 1st [Indictment No. 01-GS-38-5385], kidnapping [Indictment No. 01-GS-23-5386], and kidnapping [Indictment No. 01-GS-23-5387]. See Respondent's Exhibit 3. Petitioner was represented on these charges by Drew McKenzie, Esquire, and on June 13, 2002 pled guilty to the charges. (R.pp. 54-114). In return for Petitioner's pleas, the State recommended a cap of fifty (50) years for all the charges. (R.pp. 73-74, 89). The trial judge then sentenced the Petitioner to concurrent sentences of fifty (50) years for burglary, and thirty (30) years for each of the remaining charges. (R.pp. 113-114, 116-118, 121-122).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Wanda Adams of the Greenville County Bar, who filed an Anders[4] brief raising the following issue:

> Did the Trial Court err in finding that the Petitioner's plea was freely, voluntarily, knowingly, and intelligently made?

---

[3] Although a copy of these documents does not appear to be in the record, the parties do not dispute the charges as set forth in the transfer order of May 31, 2001. (R.p. 19).

[4] See Anders v. California, 386 U.S. 738, 744 (1967).



(R.p. 28).

On August 23, 2004, Petitioner filed a *pro se* letter which was treated as his response to the Anders brief, in which he discussed several issues in a narrative form.[5]  On February 16, 2005, the South Carolina Court of Appeals affirmed Petitioner's convictions.  See State v. Alston, 2005-UP-118 (S.C.Ct.App. 2005).  (R.pp. 22-23).  The Remittitur was sent down on March 21, 2005.  See Respondent's Exhibit 5.

Petitioner then filed an Application for Post-Conviction Relief ("APCR") in state circuit court on March 10, 2006; Alston v. State of South Carolina, 06-CP-23-1696  (R.pp. 35-41); in which he raised the following issue:

Ineffective Assistance of Counsel.

(R.p. 37).

Petitioner was represented by James H. Price, III, who filed an amended petition raising the following issues:

1. Ineffective Assistance of Counsel;

2. Ineffective Assistance of Family Court Counsel; and

3. Ineffective Assistance of Appeal Counsel.

(R.p. 44).

An evidentiary hearing was held on August 31, 2006 at which Petitioner was present and represented by his counsel.  (R.pp. 123-138).  The PCR judge orally denied relief at the conclusion of the hearing; (R.p. 134); and subsequently entered a written order on September 15, 2006, in which he denied the petition in its entirety. (R.pp. 1-5).

---

[5]A copy of this document is not contained in the record submitted to the court.



Petitioner then filed a petition for writ of certiorari in the South Carolina Supreme Court. See Respondent's Exhibit 6. Petitioner was represented on appeal by J. Faulkner Wilkes, who raised the following issues:

> **Ground One:** Did the Circuit Court err in holding that it could not grant relief as to Improper Transfer by the Family Court because the issue was not raised on direct appeal? (Sanders v. State, 314 S.E.2d 319 (S.C. 1984)).
>
> **Ground Two:** Did the Family Court err in transferring jurisdiction to Circuit Court? (Kent v. United States, 383 U.S. 541 (1966)).

See Respondent's Exhibit 7, p. 1.

On February 21, 2008, the South Carolina Supreme Court denied the petition. See Respondent's Exhibit 9. The Remittitur was issued on March 10, 2008. See Respondent's Exhibit 10.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground One**: Did the trial court err in finding that the Petitioner plea was freely, voluntarily, knowingly, and intelligently made?
>
> **Ground Two:** Ineffective Assistance of Counsel, Counsel failed to advise of right to appeal the waiver decision sending case from Family Court to Circuit Court.
>
> **Ground Three:** Trial Counsel was ineffective by failing to separate Petitioner from co-defendants at guilty plea hearing.
>
> **Ground Four:** Ineffective Assistance of Counsel by failing to appeal the waiver order.

See Petition, pp. 6-11.

## **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter



of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner contends that the trial court erred in finding that his plea was freely, voluntarily, knowingly, and intelligently made. Petitioner did not make an objection to the trial court on this basis. Accordingly, although Petitioner's counsel attempted to raise this issue in his direct appeal, the issue was not preserved as a freestanding issue for direct appeal. State v. Bradley, 209 S.E.2d 435, 436 (S.C. 1974)[Failure of defendant to assert in trial court that his guilty plea was involuntarily entered precluded consideration of such claim on appeal]; see also In re Arisha K.S., 501 S.E.2d 128, 131-133 (S.C.Ct.App. May 11, 1998)[Although inviting the South Carolina Supreme Court to revisit whether the Bradley rule should be applied to preclude a juvenile challenging his plea, the South Carolina Court of Appeals held that under existing law a juvenile who failed to object to a plea at adjudicatory hearing could not appeal issue of whether plea was knowing and voluntarily entered]. Petitioner admits that he did not raise this issue in his PCR proceedings. See Petition, p. 7.

Since Petitioner did not preserve this claim at his plea and did not raise this issue as an ineffective assistance of counsel claim in his APCR, it is barred from further state collateral



review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at \*\*1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at \* 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; State v. Johnson, 510 S.E.2d 423, 424 (S.C. 1999)[issue not preserved at trial cannot be raised for the first time on direct appeal]; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at \*\*1.

However, even though technically exhausted, since this issue was not properly pursued by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims
> in State court pursuant to an independent and adequate State
> procedural rule, Federal Habeas review of the claim is barred unless
> the prisoner can demonstrate cause for the default and actual prejudice

6



>> as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Although Petitioner contends that he raised this issue in his direct appeal, as previously discussed, the issue was not preserved at the trial level and could not be reviewed on direct appeal. State v. Brady, 209 S.E.2d at 436; see also In re Arisha K.S., 501 S.E.2d at 131-133. Rather, a defendant who pleads guilty upon the advice of counsel can only attack the voluntary or intelligent character of his plea by alleging ineffective assistance of counsel; Richardson v. State, 426 S.E.2d 795, 797 (S.C. 1993)(citing Hill v. Lockhart, 474 U.S. 52, 56 (1985)); and claims of ineffective assistance of counsel can only be raised in PCR. State v. Kornahrens, 350 S.E.2d 180, 184 (S.C. 1986). However, to the extent that Petitioner is attempting to assert ineffective assistance of trial counsel as cause for his failure to raise this claim at his plea, he has not properly raised that claim to the state courts. A claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000)(quoting Murray v. Carrier, 477 U.S. at 489); cf Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002)["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"](quoting Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994)); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004)[Habeas petitioner must have independently presented ineffective assistance of counsel claim to the state court for adjudication]. Petitioner did not present this claim of ineffective assistance of

7



counsel to the PCR court and pursue it in his PCR appeal.[6] Therefore, it cannot be used as cause for his procedural default of this claim. Tome v. Stickman, 167 Fed.Appx. 320 (3rd Cir. 2006)["[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing Edwards, 529 U.S. at 451-452).

Further, to the extent that Petitioner may argue that his PCR counsel was ineffective for failing to pursue this claim, this also does not provide Petitioner relief. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996). Here, Petitioner has failed to show the necessary "cause" for his procedural default because, to the extent that Petitioner is claiming that his PCR counsel did not pursue this claim, ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J.,

---

[6]Since Petitioner's counsel attempted to raise this claim in his direct appeal, Petitioner was obviously aware of it at the time he filed his APCR.

8



concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.   Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932  (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).  Accordingly, Petitioner has failed to show cause for his procedural default on this issue.  Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered.  see, Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)).  To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence.  Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999).  Further, Petitioner must "demonstrate actual factual innocence of

9



the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.

## II.

In Ground Two of his Petition, Petitioner contends that his juvenile counsel (Christopher Posey) was ineffective for failing to advise him of his right to appeal the waiver decision sending his case from Family Court to General Sessions Court. While Petitioner did raise this issue in his APCR and also raised the underlying issue in his PCR appeal, he did not raise any issue relating to ineffective assistance of counsel in his PCR appeal based on this issue or any other issue. Therefore, this issue would appear to be defaulted. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default [of a claim], the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)). However, the Respondent in state court addressed the issue in its response brief in Petitioner's PCR appeal and the Respondent here addresses the issue on the merits. Therefore, in consideration of Petitioner's pro se status, and out of an abundance of caution, the undersigned has proceeded to discuss this issue on the merits.

As noted, this issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985),

10



cert. denied, 474 U.S. 1094 (1986).   The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Alston v. State of South Carolina, No. 06-CP-23-1696.  Specifically, the PCR judge found that: 1) the Petitioner testified that his counsel at the waiver hearing (Posey) never told him to appeal the order waiving or transferring his case to the General Sessions Court; 2) the Petitioner testified that plea counsel (McKenzie) also never told him of the right to appeal the waiver order; 3) the Petitioner testified that the sole issue he was pursuing at the PCR hearing was to seek a direct appeal of the waiver order; 4) the Petitioner failed to meet his burden of proving error regarding the issues of the waiver order in this case; 5) any appeal from the waiver order should have been made as a part of the direct appeal; 6) post-conviction relief is not the avenue for seeking a belated appeal of a waiver order; 7) this issue was moot, however, because appellate counsel filed an Anders brief in this case; 8) the waiver order and associated exhibits from the waiver hearing in Family Court were included in the direct appeal appendix; 9) under the rules set forth by the United States Supreme Court in Anders, any issues regarding the propriety of the waiver from Family Court to General Sessions Court were before the Court of Appeals; 10) the Court of Appeals chose not to address any such issues and, in fact, dismissed the appeal; 11) accordingly, the Petitioner has failed to show that counsel failed to render reasonably effective assistance under prevailing professional norms; 12) the Petitioner failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Petitioner; 13) Petitioner also failed to show that he was prejudiced by counsel's performance; 14) as to any and all allegations that were raised in the application or the hearing in this matter and not specifically addressed in the Order, the Court found that Petitioner failed to present any evidence regarding such allegations; 15) the Petitioner waived



such allegations and failed to meet his burden of proof on them; and 16) those issues were therefore denied and dismissed. See Respondent's Exhibit 6, pp. 3-5.

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted



in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that his juvenile counsel was ineffective under this standard.    Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Although Petitioner contends that Posey failed to advise him of his right to appeal his waiver from Family Court to General Sessions Court, state law provides that such a right is an interlocutory appeal. State v. Lockhart, 267 S.E.2d 720, 720 (S.C. 1980)["[A] family court order transferring



jurisdiction over a defendant to a court of general sessions is interlocutory and not subject to immediate appeal to this Court."] Therefore, Petitioner has not shown that he even had a right to appeal until after he was convicted and sentenced. Accordingly, Petitioner has failed to show that Posey was ineffective for failing to advise him of any such right to appeal.

Petitioner has also failed to show that, even if Posey had advised him of a right to appeal, the outcome of his case would have been different since Petitioner was not entitled to immediately appeal this issue. In any event, after Petitioner was convicted and sentenced, his appellate counsel filed an Anders brief, and as the waiver order and associated exhibits from the waiver hearing in Family Court were included in the direct appeal appendix, these matters would have been subject to the South Carolina Court of Appeals' review pursuant to Anders and State v. Williams, 406 S.E.2d 357 (S.C. 1991). Accordingly, Petitioner has not shown any prejudice from the alleged failure of *any* counsel to advise him of his right to appeal the transfer order.[7] He has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the law or facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim should be dismissed.

---

[7]Although Petitioner only references his juvenile counsel in his federal petition with regard to this issue, he had made claims regarding other counsel in the state proceedings.

14



**III.**

In Ground Three of his Petition, Petitioner contends that his trial counsel (McKenzie) was ineffective for failing to separate Petitioner from his co-defendants at the guilty plea hearing. Respondent again assets that Petitioner did not properly pursue this issue in his APCR and argues that this issue is therefore procedurally barred from consideration by this Court. The undersigned agrees.

Although this claim was listed in the amended PCR petition (R.p. 44), it was not pursued at the hearing. Further, Petitioner testified at his PCR hearing that he had no other issues concerning his trial counsel other than not being advised of his right to appeal the transfer order from Family Court to General Sessions Court. (R.p. 132). The PCR judge did not address this issue in his order, and with respect to any issues not addressed in the order, the PCR judge found that Petitioner had waived such allegations and failed to meet his burden of proof regarding them. See (R.pp. 4-5).

After obtaining the PCR Court's order, the Petitioner did not file any motions seeking to obtain a ruling on this or any other issue. Such a motion was necessary to preserve this claim, since a "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order." Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)(citing Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]; Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d 862, 865 (S.C. 2001); Plyler v. State, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for



appellate review]; see Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).  Petitioner also did not raise this issue in his PCR appeal.

Therefore, since Petitioner did not preserve this claim in his PCR proceeding, it is barred from further state collateral review; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted. Coleman, 501 U.S. at 735; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Aice, 409 S.E.2d at 393; Matthews, 105 F.3d at 911; Ingram, 1998 WL 726757 at **1.  Even though technically exhausted, however, since this issue was not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of this issue is now precluded absent a showing of cause and prejudice, or actual innocence.  Wainwright v. Sykes, supra; Waye, 884 F.2d at 766.

Petitioner has not offered any cause for his failure to properly pursue this issue in his APCR.  Accordingly, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez, 906 F.2d at 1159.  Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered.  See discussion, supra.  Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed.  See 28 U.S.C. § 2254.



## IV.

In Ground Four of his Petition, Petitioner contends that juvenile counsel Posey was ineffective for failing to appeal the waiver order. Respondent contends that this issue is procedurally barred, and the undersigned again agrees. Although there was some testimony about this issue in Petitioner's PCR hearing and discussion in the PCR court order, it is clear that this issue was not raised as an ineffective assistance of counsel claim in Petitioner's PCR appeal.

Therefore, since Petitioner did not preserve this claim in his PCR proceeding, it is barred from further state collateral review; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted. Coleman, 501 U.S. at 735; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Aice, 409 S.E.2d at 393; Matthews, 105 F.3d at 911; Ingram, 1998 WL 726757 at **1. Since this issue was not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of this issue is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766. Petitioner has again offered no cause for his failure to properly pursue this issue in his APCR. Accordingly, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez, 906 F.2d at 1159. Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered. See discussion, supra.

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.



**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 14, 2009

Charleston, South Carolina

18



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

