

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| JAMES DARRELL ALSTON,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN, Perry Correctional Institution,<br>　　　　Respondent. | §<br>§<br>§<br>§　CIVIL ACTION NO. 9:08-939-HFF-BM<br>§<br>§<br>§ |

# ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 14, 2009, and the Clerk of Court entered Petitioner's objections to the Report on February 23, 2009.

In his petition, Petitioner asserts four grounds for relief. The Magistrate Judge concluded that Petitioner was procedurally barred from asserting any of those four grounds, but, nonetheless, addressed the merits of the second ground for relief and concluded that the petition should be dismissed. Petitioner's objections correspond to each of his four grounds for relief and will be addressed in turn.

A.  *First Ground for Relief: Whether Trial Court Erred in Concluding that Petitioner's Plea was Freely, Voluntarily, Knowingly, and Intelligently Made*

Petitioner's first ground for relief in his petition is that the trial court erred in finding that his guilty plea was freely, voluntarily, knowingly, and intelligently made. The Magistrate Judge concluded that Petitioner was procedurally barred from raising this issue because, among other things, Petitioner failed to preserve the issue for direct appeal by objecting at trial. (Report 5-10.) The Magistrate Judge also concluded that Petitioner failed to show cause and prejudice or actual innocence, which would excuse his procedural default.

In his objections, Petitioner fails to address the Magistrate Judge's conclusion that this argument is procedurally barred. Instead, he focuses on the merits of his ability to enter a plea freely, voluntarily, and knowingly. Because the Court agrees with the Magistrate Judge's conclusion, the Court need not reach the merits of Petitioner's argument. Therefore, the Court finds Petitioner's objections as to ground one to be without merit.

B.  *Second Ground for Relief: Ineffectiveness of Counsel: Counsel Failed to Advise Petitioner of Right to Appeal the Decision Sending Case from Family Court to Circuit Court*

In his second ground for relief, Petitioner asserts that his trial counsel was ineffective for failing to advise him of the right to appeal the transfer of his case from family court to general sessions court. The Magistrate Judge concluded that this issue was procedurally barred, but, in an

abundance of caution, also addressed and rejected this argument on its merits. (Report 10-14.) Construed liberally, Petitioner's objections address both the procedural default issue and the merits of his argument that his trial counsel was ineffective for failing to advise him of his right to appeal the transfer of his case from family court.

As to the procedural default issue, Petitioner argues that the transfer order was examined through the filing of the *Anders* brief by counsel which "triggered a review of the entire record for any arguable issues." (Pet'r's Objections 2.) The *Anders* brief to which Petitioner refers addressed only the first ground for relief, whether Petitioner's plea was entered voluntarily and knowingly. (Return Appx. 28-33.) Thus, the transfer issue was not "fairly presented" to the state's highest court, and is procedurally barred. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court."). Nonetheless, a procedural default can be overcome if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner articulates neither cause nor prejudice nor does he explain how failure to consider his claim will result in a fundamental miscarriage of justice. Thus, Petitioner's objections as to the procedural aspect of ground two are without merit.

In the alternative, the Court agrees with the Magistrate Judge that Petitioner's second ground for relief also fails on the merits. To successfully challenge a conviction on the basis of ineffective assistance of counsel, Petitioner must demonstrate (1) that his counsel's performance was deficient, and (2) that he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With respect to the second prong, Petitioner must demonstrate to a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000) (citations omitted).

Petitioner fails to couch his argument in terms of *Strickland*, but instead he focuses on the merits of transferring his case from family court to circuit court. In particular, he discusses at length his alleged successful rehabilitation while in juvenile custody. Nonetheless, because he is unrepresented, the Court will liberally construe his objections as ineffective assistance of counsel arguments.

As discussed in the Report and admitted by Petitioner in his objections, the decision to transfer a case from family court to general sessions is interlocutory and not subject to immediate appeal. *See State v. Lockhart*, 275 S.C. 160, 161, 267 S.E.2d 720, 720 (S.C. 1980) ("We hold that a family court order transferring jurisdiction over a defendant to a court of general sessions is interlocutory and not subject to immediate appeal to this Court."). Thus, because there was no right to immediate appeal, it was certainly reasonable under *Strickland* for counsel to fail to advise Petitioner of a right which did not exist. In other words, in light of *Lockhart*, the Court finds that counsel's conduct easily fell within the wide range of reasonable professional assistance required by *Strickland*. In short, the Court finds Petitioner's objections as to ground two to be without merit.

   C.  *Third and Fourth Grounds For Relief: Ineffective Assistance of Counsel*

Petitioner's third and fourth grounds for relief in his petition focus on the alleged ineffectiveness of trial counsel. The Magistrate Judge concluded that these claims were procedurally barred, and the Court agrees. Petitioner failed to address these arguments or respond to the

Magistrate Judge's conclusions in his objections. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment be **GRANTED** and the petition **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 3rd day of March, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.